TURBIN CHU HEIDT, A Law Corporation
RICHARD TURBIN          (1044)
richturbin@turbin.net
RAI SAINT CHU           (1133)
raisaintchu@turbin.net
JANICE D. HEIDT         (8984)
jheidt@turbin.net
Pacific Guardian Center, Mauka Tower
737 Bishop Street, Suite 2730
Honolulu, Hawaii  96813
Phone: (808) 528-4000

Attorneys for Plaintiffs
RONDA THOMAS and
DOUGLAS THOMAS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RONDA THOMAS and<br>DOUGLAS THOMAS<br><br>    Plaintiffs,<br><br>    vs.<br><br>KOHA HUI LLC dba CLIMB WORKS<br>KEANA FARMS; and DOE<br>DEFENDANTS 1-20,<br><br>    Defendants. | CIVIL NO.:<br>(Non-Vehicle Tort)<br><br>COMPLAINT |

## COMPLAINT

Plaintiffs RONDA THOMAS and DOUGLAS THOMAS, by and through their attorneys, TURBIN CHU HEIDT, A Law Corporation, hereby allege and aver the

following claims against Defendant KOHA HUI LLC dba CLIMB WORKS KEANA FARMS and DOE DEFENDANTS 1-20:

## NATURE OF THE CASE

1. This is an action to recover damages sustained and suffered by Plaintiffs RONDA THOMAS and DOUGLAS THOMAS due to negligent operation of a zip line on the island of Oahu, State of Hawai'i, as a result of the negligent and reckless actions and/or omissions of Defendant KOHA HUI LLC dba CLIMB WORKS KEANA FARMS and DOE DEFENDANTS 1-20.

## JURISDICTION AND VENUE

2. This court has jurisdiction of the claims herein alleged pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

3. Venue is proper in this Court because the unlawful acts alleged herein were committed within the District of Hawaii, State of Hawaii.

## PARTIES

4. At all times material to this Complaint, Plaintiffs RONDA THOMAS and DOUGLAS THOMAS resided in the State of Texas and are legally married.

5. At all times material to this Complaint, the Defendant KOHA HUI LLC dba CLIMB WORKS KEANA FARMS (hereinafter "CLIMB WORKS") was a

domestic profit limited liability company incorporated in the State of Hawaii and authorized to do business in the City and County of Honolulu, State of Hawaii.

6. Prior to filing this Complaint, Plaintiffs and/or their counsel made a diligent search in order to ascertain the existence, full names, and identities of all persons or entities that may be legally responsible for the Plaintiffs' injuries and damages but have no knowledge or information regarding the Defendants in this action designated as Doe Defendants 1 - 20. Said Defendants are persons, corporations, partnerships, governmental bodies, political subdivisions and/or their agents, and/or other entities of whatever kind, and are sued herein under these fictitious names as their true names and identities are unknown to the Plaintiffs, except that they may be connected in some manner with the named Defendant or may be connected to agents, servants, employees, employers, representatives, joint venturers, associates and/or independent contractors of the named Defendant or are independent of the named Defendant and were engaged in activities or negligent conduct alleged herein or in some other manner unknown to Plaintiffs. At such time as the actual identities of Doe Defendants 1 - 20 become known to Plaintiffs, they will seek leave to certify them as a Doe Defendant or Doe Defendants and to file a first amended complaint.

## STATEMENT OF FACTS

7. On or about June 11, 2016, Plaintiff RONDA THOMAS along with her husband, Plaintiff DOUGLAS THOMAS, and her daughter and son, participated in a zip line adventure tour at Climb Works Keana Farms, 1 Enos Road, Kahuku, Oahu, Hawaii, with Defendant CLIMB WORKS which was organized by, and paid through, Defendant CLIMB WORKS.

8. When Plaintiff RONDA THOMAS arrived for her zip line tour she entrusted her life and her personal being to Defendant CLIMB WORKS.

9. The zip line course where the incident took place was owned, managed and/or maintained by Defendant CLIMB WORKS.

10. On Plaintiffs' zip line adventure tour there were two employees of Defendant CLIMB WORKS to assist the group. At each zip line one employee would be stationed at the top to assist the individuals in getting safely connected to the line, and one employee at the bottom who set the safety brake and would signal, via radio, that the brake was set and it was clear to start.

11. There were several zip lines which Plaintiffs and their family took during the zip line course at Keana Farms. On the zip line adventure there was a section where two zip lines run alongside each other so that two people could go down at the same time.

12. At said time and place, Plaintiff RONDA THOMAS and her daughter were at the top of the double zip line preparing to take a run down the zip line together, side by side.  The Defendant CLIMBWORKS employee at the bottom of the run radioed to the employee at the top that it was all clear to start.  Plaintiff RONDA THOMAS and her daughter then began the trip to the bottom.  Plaintiff RONDA THOMAS and her daughter proceeded side by side down the zip lines at an extremely fast rate of speed.  As her daughter watched in horror, Plaintiff RONDA THOMAS violently slammed into the pole at the bottom of her zip line at full speed, causing injuries, including but not limited to, a fracture of her tibia.  The Defendant CLIMB WORKS employee at the bottom of the zip line negligently forgot to set the brake on the line being used by Plaintiff RONDA THOMAS, thereby causing her injuries.

13. After slamming into the pole at the bottom of her zip line, Plaintiff RONDA THOMAS was stricken with immediate and severe pain, and could not walk or stand.  The Defendant CLIMB WORKS employees were able to get her off the cable and laid her down on the platform.  The Defendant CLIMB WORKS employees refused to call an ambulance as repeatedly requested by Plaintiff RONDA THMAS and instead transported her to Kahuku Medical Center by all-terrain vehicle.  The bumpy ride with her unstable leg fracture caused her additional significant and

severe pain and suffering.

14. As a result of the negligence of the Defendant CLIMB WORKS employees, Plaintiff RONDA THOMAS sustained severe injuries, including but not limited to tibia fracture and post-traumatic stress disorder for which she continues to suffer pain and require on-going treatment and therapy. As a result of the negligence of the Defendants Plaintiffs have suffered significant damages as outlined in the damages below.

### FIRST CAUSE OF ACTION
(Respondeat Superior)

15. Plaintiff repeats and reincorporates paragraphs 1 through 14 as though fully set forth herein.

16. Plaintiffs purchased their tickets for the zip line tour through Defendant CLIMB WORKS and relied on Defendant CLIMB WORKS to provide a safe zip line experience with a well run, well trained and highly competent zip line operation.

17. At all times relevant here, the personnel operating the zip line were employees, servants, and/or authorized agents of Defendant CLIMB WORKS and were acting within the course and scope of its agency and service, and therefore, Defendant CLIMB WORKS is liable for the careless, reckless, negligent and

grossly negligent conduct of the personnel operating the zip line, herein alleged, under the doctrine of *respondeat superior* and/or agency principles.

## SECOND CAUSE OF ACTION
(Negligence and Gross Negligence)

18. Plaintiff repeats and reincorporates paragraphs 1 through 17 as though fully set forth herein.

19. At all times material to this complaint, Defendant CLIMB WORKS had a duty to Plaintiff RONDA THOMAS, and any and all patrons, to develop, construct, install, inspect, own, occupy, maintain, physically affect, control and/or operate the zip line operation in a safe manner in accordance with all the rules and regulations of zip line operators.

20. At all times material to this Complaint Defendant CLIMB WORKS was under a legal duty to possess and apply the knowledge and to use the skill and care that is ordinarily possessed by adventure tour operators.

21. At all times relevant herein, Defendant CLIMB WORKS developed, constructed, installed, inspected, owned, occupied, maintained, physically affected and/or controlled the zip line where the incident occurred.

22. At all times relevant herein, Defendant CLIMB WORKS was careless, reckless, negligent and/or grossly negligent in the operation of the zip line where

the incident occurred.

23. At all times relevant herein, Defendant CLIMB WORKS was careless, reckless, negligent and/or grossly negligent in hiring, training and/or monitoring its employees in the safe operation of the zip line.

24. At all times relevant herein, Defendant CLIMB WORKS's employee and/or agent was careless, reckless, negligent and/or grossly negligent when he/she failed to set the brake on Plaintiff RONDA THOMAS's zip line.

25. Defendant CLIMB WORKS, in committing the acts hereinabove set forth, was careless, reckless, negligent and/or grossly negligent and such careless, reckless, negligent and/or grossly negligent conduct proximately caused the injuries of Plaintiff RONDA THOMAS, which subjects Defendants, and each of them to special, general, punitive and exemplary damages.

## THIRD CAUSE OF ACTION
(Informed Consent-Failure to Warn)

26. Plaintiff repeats and reincorporates paragraphs 1 through 25 as though fully set forth herein.

27. Defendants failed to obtain the necessary informed consent from Plaintiff RONDA THOMAS at all times relevant to the zip line operation and/or failed to disclose all necessary information and warnings to enable Plaintiff

RONDA THOMAS to make a proper informed consent, all of which was a breach of duty to Plaintiff RONDA THOMAS resulting in injury and damages to Plaintiff RONDA THOMAS.

## DAMAGES

28. Plaintiff repeats and reincorporates paragraphs 1 through 27 as though fully set forth herein.

29. As a direct and legal result of the negligent, careless, and/or reckless conduct, actions, and omissions of Defendants, Plaintiff RONDA THOMAS suffered, and continues to suffer, severe and permanent physical injuries and disabilities, pain, suffering and a loss of enjoyment of life as are compensable under Hawaii law, *Hawaii Revised Statutes* §§ 663-8.3 and 663-8.5 and 28 U.S.C. § 1332.

30. As a further direct and legal result of the negligence, gross negligence, reckless conduct, actions, and/or omissions of Defendants, Plaintiff RONDA THOMAS incurred, continues to incur, and will incur in the future substantial medical expenses.

31. As a direct and legal result of the negligent, careless, and/or reckless conduct, actions, and omissions of Defendants, Plaintiff RONDA THOMAS suffered, and continues to suffer lost wages and a diminished earning capacity.

32. As a direct and legal result of the negligent, careless, and/or reckless

conduct, actions, and omissions of Defendants, Plaintiff RONDA THOMAS suffered, and continues to suffer great emotional pain and suffering, serious emotional distress and mental anxiety, and is entitled to compensation for said losses.

33. As a direct and legal result of the negligent, careless, and/or reckless conduct, actions, and omissions of Defendants, Plaintiffs RONDA THOMAS and DOUGLAS THOMAS have lost love, affection, security, companionship, comfort, consortium and support of each other.

34. As a further direct and legal result of the negligence, reckless conduct, negligent actions, and negligent omissions of Defendants, Plaintiffs RONDA THOMAS and DOUGLAS THOMAS suffered, and will continue to suffer in the future, other general and special damages to be shown at the time of trial.

WHEREFORE, Plaintiffs RONDA THOMAS and DOUGLAS THOMAS pray for judgment against the Defendants as follows:

1. For general damages in an amount to be proven at trial;

2. For special damages, and medical expenses in an amount to be proven at trial;

4. For attorneys' fees, costs of suit, expenses, advances, and prejudgment

interest; and

5. For such other and further relief as the court may deem just and proper.

Dated: Honolulu, Hawaii. October 19, 2016.

                                                        _____
                                                        RICHARD TURBIN
                                                        RAI SAINT CHU
                                                         JANICE D. HEIDT
                                                        Attorneys for Plaintiffs
                                                        RONDA THOMAS and
                                                        DOUGLAS THOMAS